WHITE *against* BAILEY:

IN ERROR.

A deed sent in a letter to a third person, not the agent of the grantee, to be delivered to the grantee, upon the payment of money, but not declared in the letter to be an escrow, does not vest the title in him, before actual delivery to him, or payment of the money.

The question whether a deed was delivered as an escrow, is, generally, a question of fact, to be determined by the jury.

In the service of notice to quit, in summary process to obtain possession of real estate, there is nothing of the nature of personal trust or confidence; and, therefore, where the plaintiff requested *A* to serve the notice, and *A*, without authority from the plaintiff for that purpose, passed it over to *B*, who made the service; it was held, that such service was well made.

In summary process, the right of the plaintiff to recover, does not depend upon his being owner of the premises; but he may recover against the lessee, though he never was owner.

Though a grantee of the lessor, after the lease, may, under the 4th section of the statute, pursue this remedy aganist the lessee, especially if the lessee has attorned to such grantee; yet, as between the lessor and lessee, the latter cannot set up the title of such grantee by way of defence.

*Fairfield,*
June, 1841.

White
*v.*
Bailey.

Though it is a general rule, that the jury are to answer all the issues, yet if it appears that the whole question in the case is settled by the verdict, that verdict is not to be set aside, unless the omission to find other issues may, in some way, prejudice the party complaining.

Therefore, where the defendant, to a complaint in summary process, pleaded, 1st, not guilty; 2ndly, that the plaintiff did not execute the lease or give notice, and that the defendant did not hold over; 3rdly, title in the defendant; and other pleas alleging title in other persons; and the jury found, that the defendant was lessee, and in possession of the premises, that he held over the term, that due notice to quit had been given, and that he still retained possession; it was held, that all the facts required by the statute to entitle the plaintiff to judgment, were found; that the pleas of title in other persons were immaterial; and that the omission of the verdict to answer those pleas, did not render the judgment erroneous.

THIS was a complaint, brought by *William R. White,* against *David Bailey,* as his lessee, before *John S. Blackman,* Esq., a justice of the peace, upon the statute " prescribing a summary process to enable the owners of lands, houses or other buildings to recover possession."

To this complaint the defendant pleaded six pleas : 1st, Not guilty.   2nd, That the plaintiff did not execute the lease or give notice ; and that the defendant did not hold over after the expiration of the pretended lease.   3rd, That, when the pretended lease was made, the premises were the proper estate of the defendant, and in his possession.   The 4th, 5th, and 6th pleas, alleged title in other persons, since the lease.

To the 3rd plea the plaintiff replied an estoppel ; and issue was joined on the others.

The cause being committed, with the evidence of the parties, to the jury, they returned the following verdict : " In this case, the jury find, that said *David Bailey* is possessor, and is lessee of the complainant, of the premises ; and that the defendant does hold over the term of said lease ; that due notice has been given to said lessee to quit possession of the premises ; and that said *Bailey* holds possession of said land after the expiration of the time specified in said notice and lease ; in manner and form as the complainant in his complaint has alleged ; and therefore, the jury find for the complainant to recover possession of said described land, with his costs."   The court accepted this verdict, and thereupon rendered judgment that the plaintiff recover possession of the demanded premises and his costs.

A bill of exceptions was filed, detailing the evidence as to

the terms of the lease, which was by parol; upon which it was claimed, that the jury should have been instructed, that the plaintiff had failed to prove a lease. It also appeared, that the plaintiff, on the 20th of *March*, 1840, executed a warranty deed of the premises, conveying all his right, title and interest therein, to *Samuel Crane* and *John Crane;* which deed he sent in a letter to *Edgar S. Tweedy*, requesting him to deliver it to said *S.* and *J. Crane*, on their paying to him the purchase money, which was 300 dollars. It was not stated in the plaintiff's letter to *Tweedy*, that the deed was delivered to him as an escrow; though *Tweedy* swore that it was in fact so delivered to him, and that the condition not having been complied with, it had not been delivered to the grantees therein named. Upon this evidence, the defendant claimed, that the deed took effect on the delivery to *Tweedy*, conveying the title of the plaintiff in the premises to said *S.* and *J. Crane;* and prayed the court to charge the jury, that if they should find, that the plaintiff sent the deed to *Tweedy*, to be delivered to said *S.* and *J. Crane*, upon the payment, by them, of the purchase money, but it was not declared to be delivered as an escrow, the plaintiff had not sustained his action, and they must find a verdict for the defendant. But the court did not so charge the jury.

It was also stated, in the bill of exceptions, that the notice given to the defendant, was a notice duly signed by the plaintiff, which he requested *Tweedy* to serve, but that *Tweedy* did not serve it himself, but delivered it to *Lucius P. Hoyt*, his partner, to serve, without express authority from the plaintiff; and the court was asked to instruct the jury, that this notice was not duly served. The court did not give such direction.

To reverse the judgment of the justice, a writ of error was brought in the superior court, assigning for error a misdirection to the jury, and that the verdict did not answer the several issues. Upon the last point, the judgment of the justice was reversed; and thereupon the record, by motion in error, was brought before this court.

*Bissell* and *White*, for the plaintiff in error, contended, 1. That the lease, notice and holding over, having been proved, and found by the jury, and there being no pretence of title in

<em>Fairfield,</em><br>June, 1841.<br>White<br><em>v.</em><br>Bailey.

Fairfield,
June, 1841.

White
v.
Bailey.

the defendant, acquired after the lease, the judgment of the superior court, reversing the judgment of the justice, was erroneous. These were all the facts, which it was incumbent upon the plaintiff to establish, in order to entitle him to a verdict and judgment. *Stat.* 307. *tit.* 53. *c.* 3.

2. That the deed to *S.* and *J. Crane,* was an escrow, and conveyed no title until performance of the condition. *Raymond* v. *Smith* & al. 5 *Conn. Rep.* 555. *Coe* & al. v. *Turner* & ux. *Id.* 86. *Sparrow* v. *Smith, Id.* 113. *Wolcott* v. *Coleman,* 1 *Conn. Rep.* 375. *Huntington* v. *Smith,* 4 *Conn. Rep.* 235.

3. That the justice having final and exclusive jurisdiction of this proceeding, the 4th, 5th and 6th pleas of title in *S.* and *J. Crane,* were erroneously pleaded, and are of no avail, inasmuch as the title to land was thereby put in issue. The statute of "summary process," extends the jurisdiction of the justice, only so far as to admit the defendant to show a title in *himself,* acquired after the date of the lease. The 4th section of the statute never intended to give the right to the defendant to set up title in another. *De Bouchet* v. *Wharton* & ux. 12 *Conn. Rep.* 533.

4. That the defendant was estopped from asserting title in himself, at the date of the lease.

5. That the verdict did answer all the issues.

*Booth* and *Taylor,* for the defendant in error, contended, 1. That the deed of the plaintiff to the *Cranes,* in the hands of *Tweedy,* conveyed the title to them. 1 *Sw. Dig.* 179. *Fowler* v. *Fowler,* 3 *Conn. Rep.* 348. 352.

2. That no legal notice was given to the defendant to quit possession. A factor or agent cannot delegate his power. 1 *Sw. Dig.* 332.

3. That the issues formed on the special pleas were material.

4. That the verdict did not answer the issues. *Smith* v. *Raymond,* 1 *Day,* 189. *Kegwin* v. *Campbell* & al. 1 *Root,* 268. *Pettibone* v. *Gozzard,* 2 *Root,* 254.

WILLIAMS, Ch. J. The first ground has not been much relied on, unless it be claimed, that a lease must be in writing, which question was not made. There seems no question at

all, except as to the weight of evidence—a question for the jury, and not to be reviewed in this way. And the second question seems to be of the same character. Upon the facts before the jury, was this deed delivered as an escrow, or conditionally?

If it had been delivered to the lessee, as matter of law, it must have been absolute; but being delivered to a third person, the character of that delivery must depend upon the evidence. The witness swore, that it was delivered as an escrow; but the letter accompanying the deed to him did not declare, in express terms, that it was sent to him as such; and hence it is claimed, that it cannot be so considered by the court; and the question raised is, whether a deed sent to a third person, not the agent of the grantee, to be delivered only upon the payment of money by the grantee, vests the title in the grantee, before actual delivery to him, or payment of the money? And it would seem, that a statement of the question would give the answer.

It would certainly require strong authority to induce us to come to such a result as is claimed by the defendant in error. None is produced, except a *dictum* of Judge *Swift*, that when a deed is delivered to a stranger, it must be declared to be delivered as an escrow; for if delivered as the deed of the party, it will take effect immediately. 1 *Sw. Dig.* 179. The writer could not, it is believed, have intended to say, that it could not be an escrow, unless the grantee in terms declared he intended it to be such; for a great proportion of persons cannot be supposed even to know the meaning of the term; and it might as well be said, that a deed could not operate as such, unless the party declared it to be his act and deed; which has often been held to be unnecessary. *Thoroughgood's* case, 9 *Rep.* 137. *Holford* v. *Parker, Hob.* 246. No form of words can be necessary, in one case, any more than in the other; and the writer must have meant, that the evidence must show that the grantor intended it as an escrow, otherwise it would be presumed to be, what it purported to be, his act and deed. For the law is well settled, that a deed is delivered as an escrow, when the delivery is conditional— that is, when it is delivered to a third person to keep until something be done by the grantee; and it is of no force until the condition be fulfilled. *Jackson* d. *Gratz* & al. v. *Catlin*, 2 *Johns. Rep.* 248. 259. *Clark* v. *Gifford*, 10 *Wend.* 310.

Now, instead of sending this deed to the party, he sends it to a third person, to deliver it upon the payment of 300 dollars. Would it not have been a gross breach of trust in *Tweedy* to have delivered it, without receiving any money? And yet, according to the defendant's claim, it was just as operative before that delivery, as it would have been after. We cannot doubt that no title passed by virtue of this deed, though we consider the question as a question of fact. *Wheelwright* & al. v. *Wheelwright*, 2 *Mass. Rep.* 447. 453.

It is further claimed, that legal notice to quit, was not given, because instead of being left by *Tweedy* in person, who was requested to serve it, it was, by his request, left by his partner; and the defence is, as *Tweedy* was desired to do it, if he did not do it, the notice must be inefficacious. The statute is particular as to the form of the notice; but all it requires as to the service, is, that duplicate copies shall be made, one of which shall be delivered to the lessee, or at his place of residence, in the presence of at least one credible witness; to which the defendant would add, "which must be left by that person only, who has thereto been requested, by the plaintiff." There is nothing in this case, of the nature of a personal trust or confidence; as in case of a factor or broker, where reliance is placed upon his skill or integrity—nothing but what any credible man can perform. And we see nothing in the terms of this letter, from which we could infer, that it was the object of the plaintiff, that *Tweedy* should do this duty personally. We can consider it as nothing more than a request, that he would see it done; and the defendant might, were he endorser of a note, with equal propriety, object to the notice, because it was given by another notary than the one the plaintiff employed to do it.

The principal question in this case, however, and the only one about which the court below hesitated, was, whether this verdict can be sustained, as the jury had not answered all the issues. And while we entirely concur in the principle, that the jury are to answer all the issues, as a general rule, yet if it appears that the whole question in the case between the parties, is settled by the verdict, we do not think, that the verdict is to be set aside, unless the omission to find the other issues, can, in some way, prejudice the party complaining.

*Newell* v. *Ives*, 13 *Conn. Rep.* 73. In this case, the jury have found, that the defendant is possessor and lessee of the complainant of said premises, and that he holds over the term; that due notice had been given him, to quit possession; and that he holds possession, after the term specified in said notice; in manner and form, &c. He cannot complain, then, that the plea of *not guilty*, is not substantially answered.

But there are pleas of title in other persons, to which no answer is given. Now, if these were material, then the judgment was erroneous; if immaterial, we see no good reason why the judgment should be reversed. And the court are of the opinion, that the issues joined upon these pleas are wholly immaterial; and therefore, if found for the defendant, the same judgment should have been rendered, as has been entered up. The general object of this statute, we have had a recent opportunity to consider. *De Bouchet* v. *Wharton*, 12 *Conn. Rep.* 533. It certainly is not to vary the general law of the land, in relation to the trial of titles to land, by a justice of the peace. Is our law upon this subject, that even in an action of trespass, the moment the defendant pleads a title to land, the jurisdiction of the justice is at an end? And although, under this statute, questions of this kind may incidentally arise, yet when we consider that the object of the statute was altogether of a different character, *viz.* to settle the question between lessor and lessee, whether the latter unduly held over, we are not inclined to extend the operation of the statute to cases involving the title, except just so far as the terms of the statute require.

It is supposed, that the 4th section of the act, extending its provisions "to any person or persons deriving title from the lessor or lessee of any land, dwelling-house or other buildings as aforesaid," requires the construction claimed by the defendant. That act certainly authorizes a person who has the rights of the lessor, to have the privileges of this statute. That the grantees, therefore, under the deeds mentioned in these pleas, might pursue this remedy against the defendant, under this statute, at least if he had attorned to them, we are not about to deny. But that is not the precise question before us. The question is, when such purchaser makes no such claim, shall this defendant, under this provision, made for the benefit of another person, be permitted to set up his

title by way of defence ?  ·Why should he do it ?   He stipulated with the plaintiff, that at the end of his term, he would deliver up to him the premises ; and upon the faith of this, the lessor may have sold, and covenanted to deliver them up to his grantee.

If the right of the plaintiff to recover, depended upon his being the owner, then indeed we must say, if the defendant shows he is not owner, he must fail.   But this is no part of the plaintiff's case.   He may recover against the defendant, though he never was owner.   And we see not why the same reason, as it respects this defendant, does not now exist for precluding this enquiry.   As it respects the defendant, if he has sold the premises, unless the tenant has attorned to the purchaser, we see not how his rights are affected by the sale. Full effect is given to the 4th section of the statute, by enforcing a suit brought by the grantee ; and yet other valuable principles are preserved, in saying that the tenant, at least before attornment, as he cannot suffer by it, shall not interpose this objection to the claim of his lessor.   In this way, we give full effect to the statute, and also enforce the contract made by the lessee with his lessor, thus enabling him to give possession according to his contract, and in no way impair the privileges of the assignee of the lessor.   We are, therefore, of the opinion, that the facts found by the jury, warrant the judgment of the justice ; and that the judgment, which reversed that judgment, was itself erroneous.

On the other branch of this statute, we have also given a construction to it, in conformity to its object and intent, and to avoid perplexing questions regarding titles, rather than according to its letter.   Thus, the lessee, at the expiration of his lease, may have the remedy pointed out by the statute ; but this court have decided, that by this was not intended expiration by forfeiture, but merely by efflux of time.   *De Bouchet* v. *Wharton* & ux. 12 *Conn. Rep.* 533.   In both cases, we think the objects of the statute are attained, and the general principles of law relative to titles to land, preserved.

This case may be viewed in another aspect.   The act under which these proceedings were had, was intended to give a simple mode of settling the rights of landlord and tenant. It, therefore, explicitly provides, that if the jury find certain facts, judgment shall be rendered for the complainant.   Here,

those facts are found. Why then, shall not judgment be rendered upon them? Because, it is said, other facts are put in issue, which are not found. But if all are put in issue, and found, which the statute requires, it would seem to follow, that the other facts should not have been put in issue, and that the justice should never have allowed these pleas. When we look at the nature of the process, the particular manner in which the parties are directed to proceed, and the special facts to be found by the jury, we think the justice had no power to allow these special pleas, and that his duty is pointed out as clearly as in an action of trespass, where title is pleaded; where it has been holden, that the justice could not allow double pleas. *Lamb* v. *Beebe*, 10 *Conn. Rep.* 322. The process is summary; the object is special; and the facts to be tried, specified. This construction gives the purchaser the benefit of the statute, while it leaves to the lessee, the right he contracted for in his lease. If the lessee has become tenant of the new owner, that fact can as well be tried under the plea upon which this verdict has been given, as under the plea of *not guilty,* or any special plea whatever. Full effect will then be given to every part of the statute.

In this opinion the other Judges concurred.

Judgment reversed.