UNITED STATES v. The ODD FELLOW.
See Case No. 10,425.

---

## Case No. 15,911.
UNITED STATES v. O'FALLON et al.

[15 Blatchf. 298.] 1

Circuit Court, S. D. New York. Sept. 28, 1878.

VERDICT—PARTIES—NEW TRIAL—CONDITIONS.

In an action of assumpsit by the United States against O. and K. and B., K. pleaded the general issue severally. and O. and B. joined in their plea. The cause of action was joint and several. At the trial, the plaintiffs made no claim against B. The jury were instructed by the court that B. was entitled to a verdict. The jury found a verdict against O. and K., but made no finding as to B. Before judgment was entered, all the defendants moved in arrest, and to set aside the verdict, and for a new trial. on the ground that the verdict was irregular because the issue as to B. was not found: *Held*, that if the plaintiffs should discontinue the suit as to B., judgment would be entered against O. and K.; that, on such discontinuance, the motion would be overruled; and that, if a discontinuance was not entered, or an amendment not made, B. would be entitled to a new trial, but not the other defendants.

At law.

E. C. Ingersoll and A. B. Herrick. Asst. Dist. Atty., for the United States.

Sullivan, Kobbé & Fowler, for defendants.

SHIPMAN, District Judge. This is an action of assumpsit against James J. O'Fallon, Eugene Kelly, W. D. W. Barnard and one Pride. Pride was not served. The other defendants appeared and pleaded the general issue. Kelly pleaded severally. O'Fallon and Barnard joined in their plea. The alleged cause of action was joint and several. The evident theory of the government, in joining the defendants, was, that they were all partners. Upon the trial, it plainly appeared that O'Fallon and Kelly only were partners, and that Barnard was merely an agent of their firm. The counsel for the government told the jury, in his closing argument, that the plaintiffs made no claim against Barnard. The court charged the jury that Barnard was

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

entitled to a verdict, and that the other two defendants were the real defendants in the case. The jury returned a verdict for the plaintiffs against O'Fallon and Kelly, and made no finding in regard to Barnard. Before the entry of judgment, the three defendants moved in arrest, and to set aside the verdict, and for a venire facias de novo, upon the ground that the verdict was fatally irregular, in that the issue in regard to Barnard was not found.

It is true, as a general rule, that a verdict is bad if it finds only a part of that which was in issue. Patterson v. U. S., 2 Wheat. [15 U. S.] 221; Cattle v. Andrews, 3 Salk. 372; Jenkins v. Parkhill, 25 Ind. 473. The present case presents, however, but the merest technical omission on the part of the jury. The counsel for the plaintiffs had abandoned their suit against Barnard. The court instructed the jury that he was entitled to a verdict, and, in effect, withdrew the case as to him from their deliberations. The question of Barnard's liability was not actually in issue before them. They did not pass upon it, probably because they were told that Kelly and O'Fallon were the only real defendants.

Notwithstanding the general rule, "if it appears that the whole question in the case between the parties is settled by the verdict," the verdict is not to be set aside "unless the omission to find the other issues can in some way prejudice the party complaining." White v. Bailey, 14 Conn. 271. The defendants Kelly and O'Fallon are not harmed by the omission, because all the issues between them and the United States have been found, and, whatever their liability. as partners, to the government, may be, it is not in dispute that Barnard was not a member of their firm. Barnard will not be practically harmed by the omission, if the United States formally enter upon the record the discontinuance as to him which they verbally announced to the jury upon the trial. It is true, that a nolle prosequi or a discontinuance does not operate as a full release and discharge, but is an agreement not to proceed further in the suit as to the person to whom it is applied, and. therefore, if a nolle is entered. Barnard is not technically released; but there is, under the circumstances of this case, no danger to Barnard that he will be called upon to respond to any suit upon this cause of action.

The subject of a discontinuance or a nolle prosequi in a civil action was fully considered by the supreme court in Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 46. The court held, that, in an action of assumpsit upon a joint and several cause of action. against several defendants, where the defendants plead severally, whether the pleas are to the merits, or set up merely a personal discharge. the plaintiff can enter a nolle prosequi against one defendant whose case had not been tried. either before or after judgment against the other defendants. The rule in regard to a nolle prosequi is not necessarily controlled by

the fact that the defendants have pleaded severally. The more important requisite to the right of discontinuance is the several character of the alleged cause of action. In this case, inasmuch as Barnard is manifestly not liable, the mere fact that he had united in the plea of the general issue with another defendant, is not sufficient to affect the question of discontinuance. "In the administration of justice, matter of form, not absolutely subjected to authority, may well yield to the substantial purposes of justice." Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 46.

A discontinuance as to the defendant in regard to whose liability the jury has not found, and an entry of judgment upon the verdict against the defendant who is found liable, if the court is satisfied with the verdict, is in accordance with the practice of the supreme court of the state of New York. Porter v. Mount, 45 Barb. 422. So, also, in a criminal case, where the jury had omitted to find on one of the counts, the court permitted such count to be discontinued, and rendered sentence in accordance with the verdict, upon the other counts. U. S. v. Keen [Case No. 15,510].

Section 723 of the New Code of Procedure of the State of New York provides, that "the court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party," &c.

If the plaintiffs enter, within fourteen days, a discontinuance as to Barnard, judgment will thereafter, and after the expiration of the stay already directed, be entered upon the verdict, against the other defendants. Upon such discontinuance, the motion for a venire facias de novo will be overruled. If a discontinuance is not entered, or an amendment is not made, Barnard will be entitled to a new trial, but not the other defendants.