THE NORWICH LUMBER COMPANY *v.* GEORGE YATROUSSIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 10-6607-6361

Argued September 25—decided December 15, 1967

*Sabino P. Tamborra,* of Norwich, for the appellant (defendant).

*George Gilman,* of Norwich, for the appellee (plaintiff).

DEARINGTON, J. On this appeal, the sole question is whether the court erred in rendering a summary judgment.

It is alleged in the complaint that the defendant was an architect acting in behalf of Metaxia Volmes in the construction of a dwelling house on property owned by Volmes. The plaintiff furnished materials and rendered services to Volmes amounting to $2229.06 and as a result filed a mechanic's lien in the office of the town clerk in the city of Norwich on February 12, 1964, which became a lien on the property of Volmes. On April 2, 1964, at the request of the defendant, a release of the lien was delivered to the defendant in escrow. It is further alleged that the defendant violated the terms of the escrow agreement in that he delivered the release of lien to Volmes and that he, the defendant, failed to remit to the plaintiff $1000 as provided for in the escrow agreement. The defendant answered by admitting that the mechanic's lien had been filed and recorded in the town clerk's office but denied the remaining allegations.

The plaintiff, on the filing of the answer, moved for a summary judgment supported by an affidavit reciting in substance the allegations appearing in its complaint to the effect that it sent a letter to the defendant enclosing a release of the mechanic's lien "which you are to hold in escrow until such time as you deliver to this office a certified check or a bank

check in the amount of $1,000. payable to the Norwich Lumber Company." The letter was signed by the attorney representing the plaintiff. No opposing affidavit was filed by the defendant as required by § 299 of the Practice Book (as amended, effective Sept. 1, 1966). Nor does it appear that such an affidavit could not be presented. Practice Book § 301. The motion for summary judgment was filed by the plaintiff on December 3, 1966. The court concluded that (1) a valid escrow agreement existed; (2) its terms and conditions were broken by the defendant; (3) there is no genuine issue as to any fact; (4) whether the lien was invalid is immaterial; (5) the plaintiff is entitled to judgment; and (6) the letter containing the escrow agreement should be made a part of the record. From the judgment the defendant has appealed. While a finding was made at the request of the defendant, none was required. Practice Book § 957; see *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30. Furthermore, there is no transcript; a transcript is required when error is assigned in the court's action on a motion to correct the finding. Practice Book § 965.

The issue which confronted the trial court was whether the facts indicated in the record were sufficient to entitle the defendant to defend. In granting the motion for a summary judgment, the court determined this issue adversely to the defendant, who argued that a bona fide question of law was presented which required further pleadings under our summary judgment rules. Practice Book § 306.

"Extensive changes in our summary judgment procedure became effective November 1, 1963. Practice Book, 1963, §§ 297–305. The function of the new rules is to provide a simple and expeditious method of putting an end to litigation where there is not a genuine issue as to the material facts. Our practice

in this field is now similar to that provided under Rule 56 of the Federal Rules of Civil Procedure." *Hamill* v. *Smith*, 25 Conn. Sup. 183, 184; see *New Haven Redevelopment Agency* v. *Research Associates, Inc.*, 153 Conn. 118, 120; Stephenson, Conn. Civ. Proc. § 131 (Sup. 1966). The defendant in the instant case, while admitting in his answer that the plaintiff filed a mechanic's lien with the Norwich town clerk, had denied the remaining allegations of the plaintiff's complaint. In *Engl* v. *Aetna Life Ins. Co.*, 139 F.2d 469, it was held, in respect to summary judgment, on the authority of many federal cases, that mere formal denials or general allegations which do not show the facts in detail, or with precision, are insufficient to prevent the award of summary judgment, for otherwise (p. 473) "if one may thus reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any of the applicable decisions." Where the plaintiff "has shown sufficient facts to make out his case, if defendant contests the granting of the motion and wishes to be entitled to defend, he must establish by affidavit or other proof such facts as show that he has a bona fide defense to the action, and the mere filing of an answer containing denials or raising an issue of fact is not sufficient. Where defendant does not deny the allegation of the affidavit presented by plaintiff in support of his motion, the allegations of the affidavit are taken as true." 49 C.J.S. 419, Judgments, § 225 (c); see

Practice Book § 299; *Warner* v. *Liimatainen,* 25 Conn. Sup. 380, 382; *Radio City Music Hall Corporation* v. *United States,* 135 F.2d 715, 718.

Because of the proximity of the effective date of the amendment to § 299 of the Practice Book and the filing date of the plaintiff's motion for summary judgment, we will consider the defendant's assignment at greater length. It appears from oral argument and brief that the defendant appeared at the hearing on the motion for summary judgment and claimed the lien was invalid because it was not filed within the period required by statute. General Statutes § 49-34. He now argues that if that be so, the lien was void and the escrow was unenforceable for lack of consideration. He cites *Warner* v. *Warner,* 124 Conn. 625, 632, to the effect that the " 'giving up of litigation which is not founded in good faith and which does violence to an enlightened sense of justice in view of the knowledge of the one making the concession, is not the relinquishment of a thing of value, and does not constitute a sufficient consideration for a contract.' " See 17 Am. Jur. 2d, Contracts, § 111. The defendant's reasoning in this respect leads him to the conclusion that the question relating to the validity of the lien raised an issue of law and that it was not the province of the court to resolve the issue without pleadings formally presenting the question. Practice Book § 306; *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180. The plaintiff contends that the question of the validity of the lien is irrelevant and immaterial since his action is against the escrow agent and not the obligee. It is apparent that the trial court was in accord with the plaintiff's rationale.

In any action, except those excluded by statute, after an answer is filed, any party may move for

summary judgment supported by affidavits and other evidence. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 303. The test is whether it would be found on a full inquiry that a defense existed. *Perri* v. *Cioffi,* 141 Conn. 675, 680. The court's function under summary judgment rules is not to try the issue of fact but to determine whether there is an issue. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264. If it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted. *Rifkin* v. *Safenovitz,* 131 Conn. 411, 416.

Our inquiry is whether on the face of the record the trial court was warranted in concluding that no facts were presented by the defendant which would give rise to a triable issue or defense. An escrow has been defined as a "written instrument which by its terms imports a legal obligation and which is deposited by the grantor, promisor, or obligor, or his agent with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee." 28 Am. Jur. 2d 3, Escrow, § 1; see *White* v. *Bailey,* 14 Conn. 271, 275; *Coe* v. *Turner,* 5 Conn. 86, 92; Tiffany, Real Property (3d Ed.) § 1049. While originally the doctrine of escrow applied only to deeds, under its modern application it applies to the deposit of any written instrument with a third party. 28 Am. Jur. 2d, Escrow, § 2.

This action was brought by the obligor against the defendant as an escrow agent and not against the obligee. This is the real distinction between *Warner*

v. *Warner,* supra, and the case at bar. In *Warner* and other cases involving surrender of disputed, doubtful or invalid claims, the question of consideration is brought directly into issue by litigants who are the parties to the contract, that is, the promisee and the promisor. Here, however, the crucial question is whether the defendant performed his duties in the precise manner set out in the instructions to him. We assume, without deciding, that the escrow agreement met all requirements, since no question has been raised as to its validity, as such. The escrow agent, sometimes described as stranger, third party, trustee, or depositary, is in the unique position of being an agent for the obligor as well as the obligee, and his powers are limited to those stipulated in the escrow agreement. And this is so irrespective of the depositary's relation to the obligee. 28 Am. Jur. 2d, Escrow, § 14. "Where a person assumes to and does act as the depositary in escrow, he is absolutely bound by the terms and conditions of the deposit and charged with a strict execution of the duties voluntarily assumed. He is held to strict compliance with the terms of the escrow agreement; and he may not perform any acts with reference to handling the deposit, or its disposal, which are not authorized by the contract of deposit. It is not in his province to interpret or construe a contract where he has a duty to perform; he must be guided in his duty by what the contract says." 28 Am. Jur. 2d 24, Escrow, § 16; 30A C.J.S., Escrows, § 8. In *Collins* v. *Kares,* 46 S.D. 385, 388, the defendant, an escrow agent, claimed that the subject matter, a deed, was void until certain conditions had been met. On this point the court held: "It was utterly immaterial to him [defendant] whether the deed was good or not as a conveyance. His undertaking was in the escrow agreement, and he was bound to fulfill it according to its terms."

The court was correct in holding that there was no genuine issue as to any material fact and in rendering a summary judgment.

There is no error.

In this opinion MACDONALD and WISE, Js., concurred.