[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 5856
The defendant Robert Frankel has filed a motion to strike the fifth and sixth counts of the complaint. A motion to strike admits all facts well pleaded but does not admit legal conclusions or opinions. Mingachos v. CBS, Inc., 196 Conn. 91, 108. If the allegations of the complaint, favorably construed, support a cause of action, the motion to strike must fail. Id., 108, 109.
This case arises out of a real estate sale which did not go forward because of problems with reaching an agreement on the language of the contract and failure to fulfill a mortgage contingency provision. The plaintiffs were buyers of the property owned by the defendant People's Bank. The plaintiffs were represented by an attorney, Beverly Carswell, and People's Bank was represented by the defendant Robert F. Frankel, who is also an attorney. The plaintiffs paid a deposit or down payment on the contract of $12,000. Paragraph 19 of the fifth count alleges that the deposit paid by the plaintiffs and delivered to the defendant Frankel was to be held in escrow by him until the closing. Paragraph 20 states that he wrongfully delivered the deposit to People's Bank.
The motion to strike the fifth count of the complaint relies upon the concept that an attorney can not be held liable for negligent rendering of services to a person who is not a client of the attorney. See Krawczyk v. Stingle, 208 Conn. 239, 244. This is based in part on the fact that allowing liability would undermine the attorney-client relationship and the lawyer's duty of CT Page 5857 undivided loyalty to the client. Id, 246. An exception to this general rule exists when the plaintiff can show that he or she was the intended or foreseeable beneficiary of the attorney's services. Id., 244; Mozzochi v. Beck, 204 Conn. 490, 499. While that exception probable does not apply here, recovery by the plaintiffs is not controlled by the fact that Frankel was an attorney representing People's Bank and did not represent the plaintiffs. The fifth count can be construed as a claim of breach of an escrow agreement and the fact that Frankel was an attorney representing another party is immaterial to that type of claim. Where an escrow agreement exists, the escrow agent is required to act in accordance with the terms of the escrow agreement, even though he may have a special relationship to one of the parties to the escrow, as an attorney, fiduciary or otherwise Norwich Lumber Co. v.Yatroussis, 5 Conn. Cir. Ct. 95, 101; 28 Am.Jur.2d, Escrow, section 14. The escrow holder is in the unique position of being an agent for the parties to the written contract, his powers are limited to those stated in the escrow agreement, and he cannot perform any acts not authorized by the escrow agreement. NorwichLumber Co. v. Yatroussis, supra, 101; 28 Am.Jur.2d 24, Escrow, section 16; 30 A C.J.S., Escrow, section 8. Where funds are to be held by the escrow agent until a condition of a contract are fulfilled, they are not to be delivered by the escrow agent until the condition is met. White v. Bailey, 14 Conn. 270, 275;Hillhouse v. Pratt, 74 Conn. 113, 120. The terms of the escrow agreement claimed here are not apparent from the complaint. Depending upon the facts of the case the plaintiff may have a claim against Frankel for breach of his obligations as an escrow agent, but this cannot be determined on a motion to strike.
The sixth count of the complaint claims that the same conduct is a violation of the Connecticut Unfair Trade Practices Act (CUTPA) § 42-110b(a) of the General Statutes. An attorney is not exempt from CUTPA, Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 520, but attorneys are not liable under CUTPA for representing a party opponent in litigation, because that interferes with the attorney-client relationship and the attorney's duty of undivided loyalty to the client, and it interferes with the independent professional judgment which the attorney owes to the client. Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 727-29. However, the defendant's argument against CUTPA liability again overlooks the fact that the claim is made against Frankel in his capacity as an escrow agent for the parties and not as an attorney for the defendant bank. CT Page 5858
Whether and to what extent an escrow agent can be held liable under CUTPA has not been adequately briefed by the parties. CUTPA does not create an automatic additional ground for recovery in a commercial setting. In a proper case, consumers or business competitors can recover under the statute. See McLaughlin Ford,Inc. v. Ford Motor Co., 192 Conn. 558, 568. The plaintiffs claim that the fact that Frankel was an escrow agent and was controlled by the terms of the escrow agreement created a consumer relationship with the plaintiffs. A claimant under CUTPA must have at least some type of consumer relationship with the party who allegedly caused harm to the claimant. Jackson v. R.G. Whipple,Inc., supra, 727. The complaint provides insufficient information as to the scope of the escrow agreement, the relationship of the parties, and the derivative legal issue whether the plaintiffs can maintain a CUTPA action against Frankel based on an alleged consumer relationship. Resolving these issues is premature on a motion to strike.
The motion to strike the fifth and sixth counts of the complaint is denied.