JAMES A. HAMILL *v.* HELEN A. SMITH ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 114311
AT BRIDGEPORT

Memorandum filed January 21, 1964

*Knott & Meehan,* of Bridgeport, for the plaintiff.

*Shapiro & Belinkie,* of Bridgeport, for the defendants.

BARBER, J. This is an action seeking money damages for personal injuries alleged to have been caused by the negligent operation of a motor vehicle. The complaint alleges that the defendant motor vehicle was a family car and specifies, among other allegations, that the defendant operator "operated said automobile when it was not equipped with

brakes adequate to safely control its movement and when said brakes were not in good and sufficient working order, and when said brakes did not comply with the requirement of the statute." The answer admits the agency of the defendant operator but denies the specifications of negligence and alleges no knowledge or sufficient information to form a belief as to plaintiff's alleged injuries. Contributory negligence is not alleged in defendants' answer.

The plaintiff has moved for a summary judgment, interlocutory in character, on the issue of liability alone. Practice Book, 1963, § 304. The affidavits filed establish that the plaintiff was seated in a vehicle which was stopped for a red traffic light when the vehicle in which he was riding was struck by the defendants' vehicle. The defendant operator filed a motor vehicle report admitting that her brakes were defective. Her affidavit recites: "As I approached the intersection there was a red light and cars stopped waiting for the red light. I put my foot on the brake, but nothing happened." There is also in the police report evidence of an admission that the day before the accident she had to pump the brakes to stop.

Extensive changes in our summary judgment procedure became effective November 1, 1963. Practice Book, 1963, §§ 297-305. The function of the new rules is to provide a simple and expeditious method of putting an end to litigation where there is not a genuine issue as to the material facts. Our practice in this field is now similar to that provided under Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment may now be had in any action, except action for divorce, legal separation or annulment of marriage, after an answer has been filed, provided there is compliance with the rules. Practice Book, 1963, § 298. It must be borne

in mind that litigants have a constitutional right to have issues of fact decided by a jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555. A summary judgment may be rendered only if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book, 1963, § 303. The function of the court upon a motion for summary judgment is to determine whether an issue of fact exists, not to try that issue of fact if it does exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263. Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved for trial in the ordinary manner. *Aetna Ins. Co.* v. *Cooper Wells & Co.,* 234 F.2d 342, 344 (6th Cir.); *Ebersole* v. *Lowengrub,* 180 A.2d 467, 469 (Del.). However, when it is clearly established that there is no genuine issue of material fact, summary judgment may be rendered. *Berry* v. *Atlantic Coast Line R. Co.,* 273 F.2d 572, 582 (4th Cir.); *Lightburn* v. *Delaware Power & Light Co.,* 53 Del. 186, 190.

Although the pleadings join issue on the specifications of negligence, the affidavits and other proof clearly show a violation of General Statutes § 14-80 (a), requiring that "[e]ach motor vehicle . . . , when operated upon a highway shall be equipped with a braking system, maintained at all times in good working order, adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the braking power, each of which means shall be effective to apply braking power to at least two wheels." A violation of this statute constitutes negligence as a matter of law. *Turner* v. *Scanlon,* 146 Conn. 149, 157. The defendants' affidavit establishes a rear-end collision without explanation except for the failure of the brakes to hold. It follows that there is no issue on

the question of the proximate cause of the resulting collision of the two vehicles. Therefore, on the questions of negligence and proximate cause there remains nothing to litigate. See, e.g., *American Airlines, Inc.* v. *Ulen,* 186 F.2d 529, 532 (D.C. Cir.).

The defendants claim that on the issue of liability some injuries must be shown. There appears to be a genuine issue in this case as to the injuries of the plaintiff. Our rules of practice provide for a severance of the liability issue from the issue of damages. Practice Book, 1963, § 304. Since any summary judgment on liability that may be granted at this time will be interlocutory in character, an adequate remedy will remain to the defendants on the issue of damages. To go into the issue of injuries now, under the circumstances of this case, would be to defeat the purpose of the rules. Attempts to thwart the growing practice of severing the issue of liability from the issue of damages in appropriate negligence cases have not been successful. See *Hosie* v. *Chicago & N.W. Ry. Co.,* 282 F.2d 639, 643 (7th Cir.), cert. denied, 365 U.S. 814, *Redmond* v. *Matthies,* 149 Conn. 423, 430.

A summary judgment for the plaintiff, interlocutory in character, may enter on the issue of liability alone against the defendants. An immediate hearing before a jury is ordered to determine the amount of damages.