MARIA GANCY ET AL. *v.* FRED DOHNA ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 101404
AT NEW HAVEN

Memorandum filed February 3, 1964

*Joseph F. Trotta,* of New Haven, for the plaintiffs.

*Joseph M. Delaney,* of Wallingford, for defendant Harry J. Coppola.

FITZGERALD, J. The plaintiffs, three in number, each move for a summary judgment of an interlocutory character on the issues of liability as between them and the defendant Harry J. Coppola, with determination of damages before a referee, court or jury. Practice Book, 1963, §§ 299, 300, 304.

It is made to appear that the motions are sufficiently supported by affidavits and other documentary proof as required by the applicable rules of Connecticut procedure. One affidavit accompanying each motion is that of Fred Dohna, the first named defendant. In that affidavit Dohna avers among other things that the car of the defendant Coppola struck the rear of his car after it had been brought to a stop behind the already stopped car of the plaintiffs, thereby forcing his car into the rear of the plaintiffs' car. There is also attached to each motion a certified copy of the record of the Circuit Court in the sixth circuit at New Haven disclosing Coppola's plea of guilty in that court on August 8, 1962, to the charge of violation of § 14-240 of the General Statutes. It is not questioned that this charge and plea relate to the episode giving rise to the subject of this civil litigation. The statute in question (§ 14-240) prohibits and makes it an offense for an operator of a motor vehicle to follow "another vehicle more closely than is reasonable and prudent." This is one

of the specifications of negligence recited in the plaintiffs' complaint.

In his answer to the plaintiffs' complaint, the defendant Coppola did not plead contributory negligence as a special defense. Nor did he file, prior to hearing on the within motions, an opposing affidavit or other available documentary evidence. He had this right. Practice Book, 1963, § 299. While his plea of guilty to a violation of the statute is an admission which could be received against him as evidence at the trial, it is not conclusive because he would not be precluded from explaining the reason which prompted his plea. *Flynn* v. *Raccuia,* 146 Conn. 210, 213, and cases cited; see *Service Fire Ins. Co.* v. *Hubbard,* 18 Conn. Sup. 37, 41, as to certain kinds of exonerating explanations. As noted, Coppola did not attempt to avail himself of the benefits of the rule cited (§ 299) by filing an affidavit or other available documentary evidence. The necessary inference is that he could not in good conscience file such an affidavit or otherwise furnish available documentary evidence. Hence he has no standing in resisting through his counsel the motions before the court.

Pursuant to § 304 of the 1963 Practice Book, a summary judgment, interlocutory in character, is rendered against the defendant Coppola in favor of the plaintiffs on the issue of liability alone, although there is found to be a genuine issue as to damages. Since the plaintiffs have already claimed the case for trial before a jury of twelve, it is to go immediately on the current jury assignment list for a determination of damages by the jury. Counsel are at liberty to stipulate at any time that a hearing be had before a referee or the court for a determination of damages. In argument on the motions, counsel for the plaintiffs stated that he was agreeable

to a hearing on damages before a referee or the court. Since a jury claim is already on file, a hearing on damages cannot be struck from the jury side in the absence of a stipulation.

It is suggested that the case be withdrawn as against the defendant Dohna. His affidavit, offered by the plaintiffs in support of their motions, would preclude in any event a recovery against him. So, also, his status as a party defendant in the light of the present situation would only create confusion from the standpoint of the file and any final judgment to be entered at a later date.

In passing, it is stated that Rule 56 of the Federal Rules of Procedure, with particular reference to negligence actions generally, and text discussion and cases cited, appearing in 3 Barron & Holtzoff, Fed. Pract. and Proc. § 1232.1, do not appear to affect the within disposition because of the defendant. Coppola's failure to file an opposing affidavit or other available documentary evidence as permitted him under the Connecticut rule.

Disposition made in accordance with the third preceding paragraph.