Christine **RUTLEDGE**, Appellant,

v.

Margaret **BALLANCE**, Respondent.

No. 23877.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

Henry L. Graf and Morris Dubiner and Dubiner & Gregg, Kansas City, for appellant.

C. William Garver, Kansas City, for respondent.

HUNTER, Judge.

This is a suit for personal injuries in which plaintiff sought damages in the sum of $15,000. Upon trial, the verdict and judgment were for defendant. This appeal by plaintiff followed.

The single question presented on appeal is whether the trial court committed prejudicial error in refusing to allow plaintiff's husband as a witness to testify to an alleged admission made by the defendant as to how the collision in which plaintiff alleges she was injured occurred.

Plaintiff was a passenger in an automobile being driven by defendant east on Linwood Boulevard between Brooklyn and Park Streets in Kansas City, Missouri. It was plaintiff's trial theory that no third car was involved but rather that as defendant drove slowly along the middle lane of the three lane street she negligently turned her car to the right hitting one of the automobiles parked on the south side of Linwood Boulevard injuring plaintiff. It was defendant's trial theory that although she personally did not see or feel another car strike her car and of her own personal knowledge does not know why her car turned right and struck the parked car, she relied on the testimony of her witness that a third car proceeding along behind her car pulled out to the left and around her car to pass it and in the process hit her car's rear bumper and swung her car around enough to cause it to strike the parked car.

Turning to the incident before us, plaintiff's husband testified that he arrived at the scene of the accident shortly after it occurred. He was asked: "Q. Now, did you ever hear Mrs. Ballance (defendant) tell you at any time what happened? Mr. Garver: Objected to as calling for hearsay. The Court: Sustained." In making the offer of proof outside the jury's presence the witness gave his answer as to what defendant said to him at the scene of the accident: "A. I said, 'What happened? What took place?' She said, 'I don't know, just all of a sudden the first thing I turned into this car.'"

It is the general rule that an admission of a party against his interest of a material fact relevant to an issue in the case is competent against him as substantive evidence of the fact admitted. The rule under which such evidence is admitted is a well recognized exception to the hear-

say rule, and proof of such an admission does not depend for its admissibility on its conforming to any other exception to the hearsay rule, such as res gestae. 31A C. J.S. Evidence §§ 272 and 317, pp. 696 and 801 respectively; Roush v. Alkire Truck Lines, Inc., Mo.Sup., 299 S.W.2d 518.

■ Thus, the trial court erred in sustaining the objection to the question and offered answer set out above. The rejected testimony was of a material fact relevant to a vital issue (liability) in the case.

■ Defendant contends the error could not be prejudicial because the offer-of-proof answer was merely cumulative evidence and its refusal was of no prejudice to plaintiff. If the refused testimony was merely cumulative and its refusal did not prejudice plaintiff, the verdict and judgment should stand, for cases are not to be reversed because of the commission of harmless error. Steffen v. Southwestern Bell Telephone Co., 331 Mo. 574, 56 S.W.2d 47.

■ However, we are unable to agree with defendant that the error was not prejudicial. There were only three witnesses who testified on the liability question, the defendant, the plaintiff and defendant's witness Haynes. As it turned out, plaintiff's husband, Rutledge, was the only witness of plaintiff's to whom defendant told what happened to cause the collision and Rutledge's statement is reasonably subject to the interpretation that defendant herself, without any third car being mentioned or involved, *turned* her car into the parked car. While the transcript contains other statements of defendant, some made during the trial and some in an earlier deposition (some of which may possibly be considered as admissions against interest) in none of them does defendant admit she turned her car into the parked car. Rather, defendant carefully refrained from any such statement, took the position she did not know why or what caused her car to strike the parked car, and then adduced the testimony of a spectator to the general effect that it was a third car which struck defendant's car in the rear, causing it to strike the parked car. In the light of this testimony we are constrained to hold that the error was prejudicial and to order a new trial in what otherwise was a well tried case.

The judgment is reversed and the cause is remanded for a new trial.

All concur.