JOHN WARNER *v.* HEIDI K. LIIMATAINEN

SUPERIOR COURT　　　　WINDHAM COUNTY　　　　FILE NO. 12505

Memorandum filed September 15, 1964

*Paul B. Groobert,* of Manchester, for the plaintiff.

*Henry F. Cooney,* of Hartford, for the defendant.

FitzGerald, J. Plaintiff, a passenger in a car owned and operated by the defendant on April 9, 1962, is seeking in the within action to recover damages for personal injuries and other consequences alleged to have been caused him by the negligent operation of that car in various respects. Among the allegations of negligence recited in the complaint is that of speeding. Pleadings having been closed (defendant's answer presently on file does not contain any affirmative defense), the plaintiff now moves for a summary judgment of an interlocutory character on the issue of liability alone, and for an immediate hearing before a jury to determine damages. The motion is made pursuant to §§ 299, 300, 303 and 304 of the 1963 Practice Book.

Plaintiff's affidavit in support of the motion recites, among other things, that the defendant's car, in leaving exit 89 on the Connecticut Turnpike in Plainfield, struck a metal pole on the left-hand side of the exit ramp; that the posted speed limit on the ramp was twenty-five miles per hour; that the estimated speed of the defendant's car was fifty miles per hour; and that the defendant was arrested and charged with violation of the speeding statute (General Statutes § 14-219) and pleaded guilty to that charge on April 30, 1962, in the Circuit Court in the eleventh circuit at Danielson. A certified copy of the record of disposition of the speeding charge against the defendant in the Circuit Court is attached to the affidavit and sufficiently supports it.

The defendant has not seen fit to file an opposing affidavit as permitted under § 299 of the 1963 Practice Book. By way of explanation, her counsel stated to the court that she will not cooperate in so doing, and that the case is being defended by the insurance carrier under a reservation of rights. This circumstance does not invoke on behalf of her counsel the benefit of § 301 of the 1963 Practice Book. So also her counsel urges that an admission of speeding by the defendant in her plea of guilty in the Circuit Court (which plea could be the subject of explanation by her in a proper affidavit) does not supply the element of proximate cause to constitute actionable negligence in this particular. In the absence of an affidavit of explanation by the defendant, the court feels warranted in concluding, as a matter of law, that the admission of speeding by the defendant, in her plea of guilty to that charge, inferentially supports this ground of statutory negligence as being a proximate cause of the episode. See discussion in *Cayer* v. *Salvatore,* 150 Conn. 361, 363, as to the drawing of legitimate inferences.

In passing, reference is made to two recent memoranda of trial judges concerning the propriety of granting a motion of this nature and reasons in support thereof. See *Gancy* v. *Dohna,* 25 Conn. Sup. 138; *Hamill* v. *Smith,* 25 Conn. Sup. 183.

Further discussion is not required. Pursuant to § 304 of the 1963 Practice Book, a summary judgment for the plaintiff, interlocutory in character, may enter on the issue of liability alone against the defendant. An immediate hearing before a jury is ordered to determine the amount of provable damages.