**Ray RUTLEDGE and Peggy Rutledge, his wife, Appellants,**

**v.**

**Eleanor BALDI, Respondent.**

**No. 51020.**

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Leland C. Bussell, Joe C. Greene, Bussell, Hough & Greene, Springfield, for appellants.

Glenn A. Burkart, Buell F. Weathers, Mann, Walter, Powell, Burkart & Weathers, Springfield, for respondent.

STOCKARD, Commissioner.

Plaintiffs have appealed from a judgment for defendant, entered pursuant to jury ver-

dict, in their suit for $25,000 for the wrongful death of their minor son.

David Lee Rutledge, four years of age at the time of his death, was playing in a toy pedal car in the driveway of his home. He rolled backward down the driveway into the street where he was struck by an automobile operated by defendant and sustained injuries resulting in his death.

Plaintiffs contend that the trial court erred in refusing to sustain their motion for a directed verdict at the close of all the evidence on the issue of liability and in refusing to submit the case to the jury on the issue of damages only. They assert that the evidence was undisputed that David was in full and unobstructed view of the defendant, that the defendant failed to see what looking clearly would have revealed, that David, being four years of age, was incapable of contributory negligence, and that "the evidence of all the witnesses, including that of the defendant, was of such a clear and undisputed character that no question of fact was left for the finding of the jury, and the evidence conclusively showed the defendant to be negligent as a matter of law and that such negligence caused the death of David Lee Rutledge."

■■■ Plaintiffs' motion for a directed verdict filed at the close of all the evidence assigned as grounds therefor, pursuant to Civil Rule 79.01, V.A.M.R., that (1) "the plaintiffs have proved, by their witnesses and evidence, that the defendant was guilty of negligence resulting in the death of David Lee Rutledge," (2) the defendant "has failed to prove any defense to the plaintiffs' charge that she was negligent * * *," and (3) the defendant "has failed to prove any contributory negligence on the part of the deceased * * * or any contributory negligence imputable to the plaintiffs herein." Evidence was presented by the defendant, and neither in her pleadings nor by her testimony or by admission of counsel did she admit negligence or liability. It is obvious, without the need of discussion, that plaintiffs' motion, as worded

and presented to the trial court, was properly overruled, and plaintiffs' point could be disposed of on the theory that a trial court is not to be convicted of error on appeal when the ruling made at the trial was correct. However, assuming the reasons now assigned on this appeal in support of the motion by plaintiffs for a directed verdict had been presented to the trial court, the ruling was still correct. The rule is properly and well stated in Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559, as follows: "In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached." See also Beezley v. Spiva, Mo., 313 S.W.2d 691, 695; Schaefer v. Accardi, Mo., 315 S.W.2d 230. Plaintiffs rely on and quote from Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, the following statement: "this general rule is not applicable in unusual situations where defendant in his pleadings or by his counsel in open court admits plaintiff's claim, * * * or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim or an affirmative defense." Aside from the fact that in the Rogers case the judgment for plaintiff was reversed because of an erroneous instruction, and only one judge concurred in the opinion with four judges concurring in result only (that is, the reversal because of the erroneous instruction) and two judges dissenting, defendant's evidence, or the evidence taken as a whole, did not establish negligence on the part of defendant as a matter of law, but only authorized a finding of negligence by the jury

depending upon the facts it found concerning the circumstances of the accident. Whether negligence should or should not have been inferred from the facts of the occurrence, as determined by the jury from a consideration of the credibility of the witnesses, was within the province of the jury and not the court.

We note in passing that plaintiffs argue, in support of another point in their brief, that this is in part a circumstantial evidence case, and that it was necessary "for the jury to draw two crucial inferences, from the direct facts, in order for them to find for the plaintiffs." If this argument is correct, it demonstrates that plaintiffs could not have been entitled to a directed verdict. We base our ruling, however, on the reasons previously set forth. The trial court did not err in submitting the issue of liability to the jury.

Plaintiffs also assert error on the part of the trial court in sustaining defendant's objection to testimony of Mrs. Doris Cornwell, a rebuttal witness for plaintiffs. A statement of the circumstances leading up to the objection and ruling is necessary.

Charles Garner, who investigated the accident in his then capacity of deputy sheriff, testified that when he went to defendant's home he found her "in an extreme state of shock," and "most" of the information he received was "from the father [defendant's husband] and the son [age eleven] that was with Mrs. Baldi at the time of the accident." He further testified that the son, in the presence of defendant, stated to him that defendant "was just traveling west in the 900 block there, headed for home, and at a slow speed, 5 to 10 mile an hour, and she heard something, they heard something under the car and didn't know what it was and she looked back in the rearview mirror and seen the child laying in the street, and of course, stopped." The son also related, according to Mr. Garner, that he and defendant had "stopped once and was looking at a house on the south side of the street, under construction, and was looking at the homes along the street" at the time "this occurred." On cross-examination of defendant she was asked whether "the reason you didn't see David was because you were looking at the houses on the left as you went up the street," and she replied that it was not, and that she "was not looking at the houses." She further testified that she had not told anyone that she was "looking to the left at that house and * * * just started up and heard a thump." Other evidence was to the effect that as defendant was driving toward her home she stopped in front of a driveway to observe some construction work, and then drove westward at a speed of five to ten miles an hour to the point of the accident at plaintiffs' driveway 244 feet distant.

Plaintiffs called Mrs. Cornwell as a rebuttal witness who testified that she went to the scene of accident. The following then occurred:

"Q. I will ask if Mrs. Baldi made any reference to what happened?

"Mr. Burkart: Now, we object to that. That is too general a question and I don't think thus far it is in rebuttal of anything that has been testified to up to now.

"The court: I expect you had better make an offer of proof on that.

\* \* \* \* \* \*

"Mr. Greene: We offer to prove and intend to prove by this witness that [apparently here there was a change of thought not reflected in the transcript] the foundation has been laid by the testimony, by direct denial by the defendant, Mrs. Baldi, *that she told anyone that she was looking to her left.* We intend to prove by this witness that she had, at the scene of the accident, said that Mrs. Baldi *was stopped at the Harrison house and she had just started up and the accident occurred.* [Italics added].

"Mr. Burkart: That doesn't disprove anything that's already been said.

"The court: You offer to prove that she said what this witness is going to testify to?

"Mr. Hough: Yes, sir. Your Honor, Mr. Greene asked Mrs. Baldi on cross-examination if she told anyone that she had stopped to look at the house to the left, and just started up when this accident occurred. Those were the words she used."

The court then stated that there had been no proper foundation for impeachment, and the witness was excused.

Plaintiffs' contention on this appeal is that the "offered testimony was an admission [against interest], not merely an impeachment by a prior inconsistent statement," and therefore, it was prejudicial to exclude it. They cite Ozbun v. Vance, Mo., 323 S.W.2d 771; Nelson v. Tayon, Mo.Sup. 265 S.W.2d 409; Hudlow v. Langerhans, 230 Mo.App. 1160, 91 S.W.2d 629; and Rutledge v. Ballance, Mo.App., 375 S.W.2d 214, to the effect that an extrajudicial admission against the interest of a party is admissible. They also rely on Dorn v. St. Louis Public Service Co., Mo.App., 250 S.W.2d 859, in support of their contention that the wrongful exclusion of such evidence was prejudicial, and State v. Martin, Mo., 56 S.W.2d 137, that such admission, "being admissible as independent evidence" could be shown without a warning question. We do not question these rulings or the principles there announced. However, in none of these cases, except State v. Martin, was the evidence offered in rebuttal.

■ It is clear from what has previously been set out that plaintiffs offered the testimony of Mrs. Cornwell on rebuttal to impeach a denial by defendant in her testimony, to quote plaintiffs' counsel, "that she told anyone that she was looking to her left." However, the offer of proof was no more than that the rebuttal witness would testify that defendant said she "was stopped at the Harrison house and she had just started up and the accident occurred." An offer of proof should be "specific and definite," Kinzel v. West Park Investment Corporation, Mo., 330 S.W.2d 792, 796, and it may be assumed that the party making it will state it as favorable as he can do so. There was nothing in the offer of proof to the effect that the rebuttal witness would testify as to any statement by defendant that she was looking to her left, or that she said she was or was not looking at any particular place. We conclude that the testimony was not admissible for the purpose the trial court was advised that it was being offered.

■ As previously noted, plaintiffs now argue that the statement of defendant to which Mrs. Cornwell would testify was a declaration against interest, and for that reason it was admissible and it was error to exclude it. The trial court has considerable discretion in admitting and excluding testimony in rebuttal which was available and should have been offered in the presentation of the case in chief. Peters v. Dodd, Mo., 328 S.W.2d 603; Schmitt v. Pierce, Mo., 344 S.W.2d 120; Parrott v. Kisco Boiler & Engineering Company, Mo. App., 332 S.W.2d 41. This testimony was available to plaintiffs in the presentation of their case in chief, or at least there is no contention that it was not, and a trial court should not be convicted of error in excluding evidence on rebuttal when it was not requested to exercise its discretion and admit it. We do not rule that the testimony of Mrs. Cornwell would not have been admissible as a declaration against interest in plaintiffs' case in chief. We do rule that it was not error to refuse it at the time and under the circumstances it was offered.

Plaintiffs next assert it was error for the court to give, at the request of defendant, Instruction 7 which was as follows:

"The Court instructs you that in your deliberations you should be governed solely by the evidence introduced and admitted in evidence.

"You have no right to indulge in guesswork, conjecture, surmise or speculation, outside of and beyond the scope of the evidence, but you must confine yourselves to the facts detailed in evidence, and to the inferences to be reasonably drawn directly therefrom."

Plaintiffs do not cite any case which holds this or a similar instruction to be prejudicially erroneous. In their brief they quote from an unidentified case which they assert sets forth the following test as to whether such an instruction is erroneous: "Did the instruction, taken alone or in conjunction with other instructions of the court, tell the jury that it, the jury, was not permitted to surmise or speculate upon the facts in evidence in the process of drawing reasonable inferences therefrom." Plaintiffs cite several res ipsa loquitur cases in which an instruction similar to Instruction 7 was held not to be prejudicially erroneous, but in which it was stated that the instruction was not commended for use in such cases. See West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308; McCormack v. St. Louis Public Service Co., Mo., 337 S.W. 2d 918; and Stephens v. St. Louis Public Service Company, Mo., 276 S.W.2d 138. Plaintiffs also cite Gennari v. Prudential Insurance Company of America, Mo., 335 S.W.2d 55. That was a circumstantial evidence case, and by the instruction in that case the jury was told that its finding "cannot rest upon conjecture or speculation upon the part of the jury, but must be found by the jury from the facts given in evidence in the case, * * *." There was no provision in the instruction advising the jury that it could draw reasonable inferences, and it was held that the members of the jury "might conclude that the intended meaning of the instruction was that they could not draw reasonable inferences from the facts in evidence." Because of this and another instruction the judgment was reversed.

■ Plaintiffs contend that this case is a circumstantial evidence case in part, and

that Instruction 7 is misleading because it forbids the jury to "surmise and speculate" on the direct facts in evidence "in arriving at a reasonable inference." They rely on the language previously set out from an unidentified case, and a statement in West v. St. Louis Public Service Co., supra, that the instruction in that case was not reasonably susceptible of the meaning that "the jury was not permitted to surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom." We have some difficulty in understanding how an inference which is the result of "surmise or speculation" upon the facts could be reasonable. However, it is not necessary or appropriate now to review the propriety of the language used in the West and certain other cases. It is sufficient to say of Instruction 7, as the court did of the challenged instruction in the West case, that it does not prejudicially limit the jury in its process of deliberations to make reasonable inferences from the evidence in the case. When the meaning of Instruction 7 is determined from a consideration of it in its entirety it advises the jury that (1) in its deliberations (which include the process of making reasonable inferences from the evidence) it should be governed solely by the evidence, (2) and, conversely, it should not indulge in guesswork, conjecture, surmise or speculation outside of and beyond the scope of the evidence, and (3) the jury should confine itself to the facts in evidence and the inferences reasonably to be drawn therefrom. These are correct statements and we do not consider them to be confusing or misleading. They do not restrict the jury in drawing reasonable inferences from the evidence. Instruction 7 was not prejudicially erroneous.

Plaintiffs next assert prejudicial error resulted from Instructions 6, 7 and 8, all cautionary instructions. Instruction 7 has previously been set out. Instructions 6 and 8, respectively, were as follows:

"The Court instructs the jury that in considering what your verdict will be

neither passion, prejudice, sympathy nor the relative condition of the parties to the suit should influence you in any manner in deciding this case for it is your sworn duty to lay aside all such feelings and *be governed solely by the evidence as you have heard it in the trial and the law contained in the instructions.*"

"The Court instructs the jury that the claim of the plaintiffs against the defendant is based upon the alleged negligence of the defendant as submitted to you in other instructions. It does not devolve upon the defendant to prove that she was not negligent, but the burden is on the plaintiffs with reference to the issue of the alleged negligence of the defendant, and the plaintiffs must prove such negligence of the defendant *by the greater weight of the credible evidence in the case.*" (Italics in both instructions added).

Plaintiffs emphasize the above italicized phrases and refer to the word "solely" in the first paragraph and the words "confine yourselves" in the second paragraph of Instruction 7. They then assert that the issues in a cause of action need not be established by direct and positive evidence of all the operative facts, citing Phillips v. Stockman, Mo.App., 351 S.W.2d 464, and that when these three instructions are read together a jury would conclude that in resolving an issue it could not draw reasonable inferences from the evidence. We are not able to agree.

■ The giving of a cautionary instruction substantially the same as Instruction 6 has been held to be in the trial court's discretion. Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749, 755.

In our opinion Instruction 6 is a correct statement of the applicable rule. All the instructions are to be read together, and in view of the provision in Instruction 7 that the jury may draw reasonable inferences from the evidence, no jury of reasonably intelligent persons would believe that Instruction 6 restricted them in drawing such inferences. Instructions substantially the same as Instruction 8 have been held proper in Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158; Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S.W.2d 742; Montgomery v. Ross, Mo., 218 S.W.2d 99; Christman v. Reichholdt, Mo.App., 150 S.W. 2d 527. It appears that 'plaintiffs' principal criticism of this instruction is that it referred to the "greater weight of the credible evidence in the case" instead of only to the "greater weight of the credible evidence." Each of these cautionary instructions were directed to a different area of consideration by the jury, each constituted a correct statement of the applicable law, and when read together no reasonable jury could have been caused to believe that it could or should not draw reasonable inferences from the facts determined by the jury to have been established by the evidence. The challenge against them is without merit.

We find no error prejudicial to plaintiffs for any reason assigned or presented on this appeal.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.