Dorothy **NICHOLS**, Appellant,

v.

Charlotte D. **BLAKE**, Respondent.

No. 52355.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1967.

Sherman Landau, St. Louis, for appellant.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment for defendant, entered pursuant to a unanimous jury verdict, in her action for damages in the amount of $22,500 for loss of consortium alleged to have resulted from personal injuries sustained by her husband in an automobile collision.

The facts and circumstances giving rise to the present action are set forth in detail in Nichols v. Blake, Mo., 395 S.W.2d 136, the suit by plaintiff's husband for his personal injuries, and will not be repeated here. It is sufficient to say that on the morning of October 22, 1962, automobiles operated by plaintiff's husband and by defendant collided after defendant had entered upon U. S. Highway 40 in St. Louis County and was attempting to make a U-turn. On November 14, 1962, through her attorney defendant entered a plea of guilty in the magistrate court of St. Louis County "to the charge of wrongful failure to yield the right of way" and paid a fine of $10 and court costs.

Plaintiff's first point is that the trial court erred in overruling her motion for a directed verdict on the issue of liability only. Plaintiff inferentially acknowledges that the general rule as stated in Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559, that "In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the peti-

tion, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached." See also Rutledge v. Baldi, Mo., 392 S.W.2d 244, 246; Schaefer v. Accardi, Mo., 315 S.W.2d 230; Beezley v. Spiva, Mo., 313 S.W.2d 691. However, plaintiff asserts that defendant's plea of guilty in the magistrate court "was conclusive upon defendant as a 'confession of the truth of the charge' of failure to yield the right-of-way on the occasion in issue in this instant suit." Plaintiff cites and relies on Howard v. Riley, Mo., 409 S.W.2d 154; In re Estate of Laspy, Mo.App., 409 S.W.2d 725; and Gancy v. Dohna, 25 Conn. Sup. 138, 198 A.2d 66.

In Howard v. Riley a plea of guilty by the defendant in a magistrate court to a charge of operating an automobile in a careless and imprudent manner was admitted in evidence as an admission against interest in a civil suit against defendant arising out of the same occurrence. The issue in that case was whether it was permissible for the defendant to offer evidence to explain the plea of guilty. This court quoted with approval from Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9C, § 6196, as follows: " 'Evidence of a plea of guilty to a criminal charge arising out of an automobile accident is generally admissible, but it is not conclusive, and may be explained.' " Of course, if the plea of guilty may be explained by the defendant, it is not conclusive whether explained or not, and it has the same status as any other admission against interest. The weight and effect of the proof of the plea of guilty is for the jury. This case is authority contrary to plaintiff's position.

In re Estate of Laspy presents a different factual situation. There the widow, who had been convicted of intentionally shooting and killing her husband, filed a claim against her husband's estate for statutory allowances. The issue was whether in her claim for such allowances the criminal conviction was "conclusive" of the issue as to whether she had killed her husband without justification or excuse. The substance of that ruling was that when one seeks to benefit by an act which has been adjudicated to be a crime and which act when constituting a crime destroys the right of the benefit, that person may not collaterally attack the criminal judgment in the proceeding in which the benefit is sought. See the cases annotated in 18 A.L.R.2d 1287, and particularly those in § 3 thereof beginning at page 1299. As stated in the Laspy opinion, the courts are not in accord, but in any event, the Laspy ruling does not aid plaintiff in this case. Defendant is not seeking a benefit based on or arising out of the commission of an act judicially determined to constitute a crime.

Gancy v. Dohna pertained to a summary judgment procedure in another jurisdiction in which it was held that the failure of the defendant to file a counter affidavit or other documentary evidence pertaining to the plea of guilty resulted in plaintiff being entitled to a declaratory judgment on the issue of liability. We do not agree that this rule should prevail in Missouri.

■■ We conclude that the above cases do not establish a rule in this state that a plea of guilty by a defendant in a criminal case, even though unexplained in a subsequent civil proceeding in which plaintiff has offered evidence of the plea, constitutes a "confession" as a matter of law which removes the issue of liability from the consideration of the jury. As previously stated, the plea is a declaration against interest to be considered by the jury as other declarations against interest.

■■ Another reason why plaintiff was not entitled to a directed verdict on the issue of liability should be mentioned. Plain-

tiff's claim is based on the loss of consortium resulting from defendant's alleged negligence. "Actionable negligence involves, (1) the existence of a duty on the part of the defendant to protect plaintiff from an injury; (2) the failure of the defendant to perform the duty; and (3) *the injury to the plaintiff from such failure.* When these elements occur, they constitute actionable negligence." Biscoe v. Kowalski, Mo., 290 S.W.2d 133, 138. See also, Schaefer v. Accardi, Mo., 315 S.W.2d 230. Irrespective of whether defendant's plea of guilty in the magistrate court constituted a "confession" of failure to yield the right of way, defendant made no judicial admission of injury to plaintiff. Whether plaintiff sustained injury was an issue for determination by the jury, and in doing so it may find against a party on his uncontradicted and unimpeached evidence. Cluck v. Abe, supra.

The trial court did not err in refusing plaintiff's motion for a directed verdict on the issue of liability.

Plaintiff next asserts that the trial court erred "in permitting defendant's counsel to imply, intimate and argue to the jury that plaintiff was improperly attempting to secure a 'double recovery,' and in overruling the multiple objections of plaintiff's counsel to the allusions to the husband's previous action, to the dates when the separate actions were filed, to the pleadings in the separate actions and to the date when the husband's suit was tried."

In order to determine the incidents to which plaintiff refers it is necessary to refer to the argument portion of her brief. She has isolated several phrases or referred to incidents, placing them out of context, which she apparently contends resulted in defendant erroneously arguing to the jury that plaintiff was seeking a "double recovery." We shall first examine the isolated phrases and incidents referred to in plaintiff's brief.

■ The first incident occurred when plaintiff's counsel offered to read into evidence, apparently as a declaration against interest, the testimony of defendant taken in the trial of plaintiff's husband against defendant for personal injuries. Counsel for defendant asked that counsel for plaintiff "tell the jury exactly from where he is reading, what it is he is reading from, and of what proceedings they are taken, so the jury knows where she said these things, and what was going on when she did." Whether this was a proper request under the circumstances is not before us. Plaintiff's counsel complied with the request without protest and stated that what he intended to read was "from the transcript * * * in the claim of Warren Nichols against * * * Mrs. Charlotte D. Blake," and after some discussion counsel for defendant supplied the dates of trial. Later, during cross-examination of the doctor who appeared at the trial at the request of plaintiff and who testified on direct examination concerning his examination and treatment of Mr. Nichols, defendant's counsel asked: "I believe you that you testified in Mr. Nichols' damage suit that he tried to a conclusion in September of 1964, is that correct?" The doctor answered that he did, and he was then further cross-examined concerning that testimony. Plaintiff interposed no objection whatever in reference to the above two incidents, and while we have difficulty in finding anything improper under the total circumstances, plaintiff cannot on appeal base an allegation of prejudicial error as to these incidents when she made no objection at the trial. Eddings v. Keller, Mo., 400 S.W.2d 164; O'Brien v. City of St. Louis, Mo., 355 S.W.2d 904.

■ During cross-examination Mr. Nichols was asked concerning his alleged injuries and the time he first consulted a doctor. He was then asked this: "As a matter of fact, Mr. Nichols, didn't you file a damage suit in this court claiming you suffered injuries to your back before you ever saw Dr. Luebbert?" Mr. Nichols admitted that was true. There were then some comments concerning the location

of a file, and plaintiff's counsel then objected to the question, which had already been answered, "because there's no showing that this witness filed any suit," and for the further reasons "that it is not a damage suit, it is a suit for personal injuries" and "petitions are ordinarily filed by counsel and are not be [by] client, as defendant's counsel well knows." The trial court overruled the objection, and properly so, with the comment that the petition "was filed by an attorney on his behalf, and it is really the petition of his, it is his petition." After establishing the date on which Mr. Nichols' petition was filed, counsel then asked: "In that lawsuit that you filed on January 2, 1963, did you plead * * *." At this point counsel for plaintiff objected, and in a conference out of the hearing of the jury counsel for defendant informed the trial court that he desired to read that portion of the petition wherein Mr. Nichols alleged that he had been caused to incur expenses for necessary medical care and treatment because the evidence established that no medical attention had been received by Mr. Nichols prior to filing the petition. This was permitted, and we think properly so, and Mr. Nichols stated by way of explanation that he "never saw the petition that was filed." He was then asked: "Well, did Mr. Landau talk with you before he filed this damage suit for you?" Counsel for plaintiff then commented: "If the court please, I did not file any damage suit for him, I filed a suit for personal injuries, as counsel well knows." The trial court then stated, "Well, let's term it personal injuries." Later, defendant's counsel referred to "this lawsuit that Mr. Landau filed for you, to recover damages for your injuries, * * *." No objection was made to this reference.

■ We think it is a choice of words whether the reference should have been to a "damage suit" or to a "suit for personal injuries." In fact, in view of the terminology in the measure of damages instruction, see MAI 4.01, the former may, technically speaking, be a more accurate descrip-tion than the latter. We find no prejudicial error.

■ Over plaintiff's objection that it was "immaterial and irrelevant," defendant was permitted to show that plaintiff's petition was filed on June 14, 1965, and that her husband's suit for personal injuries was tried before a jury in September 1964. The result of the husband's suit was not disclosed to the jury. Defendant argues that this evidence was admissible because it "tended to show that plaintiff's action was not given serious consideration until after her husband's case had been considered." For the reasons stated in Eickmann v. St. Louis Public Service Company, Mo., 323 S.W.2d 802, and in view of the related facts and circumstances in evidence in this case, the time of the filing of this suit in relation to the trial of plaintiff's husband's suit tended to throw some light upon the question of plaintiff's damages, and in view of the general objection of plaintiff the trial court did not err in overruling plaintiff's objection.

■ Plaintiff next asserts that "further exploiting the court's erroneous ruling to reap the greatest benefits, defendant's counsel waxed oratorical" in his argument to the jury, and plaintiff then sets out in her brief a statement by counsel for defendant to the effect that the present lawsuit was not one brought by plaintiff's husband for his personal injuries, but was a "lawsuit by someone who wasn't in the accident, someone who wasn't injured, someone who now claims that she suffered damages as a result of what happened to somebody else." Plaintiff interposed no objection whatever, and whether this was permissible argument is not before us. Defendant's counsel then said: "This is this kind of lawsuit, and I don't know, folks, I really don't know who Mr. Landau will find next to come into court and claim that they were damaged on account of his injuries." Plaintiff objected to this as "being improper," and the trial court sustained the objection. No other relief was requested. This cannot result in prejudicial error on the part of the trial

court. Olsten v. Susman, Mo., 391 S.W. 2d 328, 330; Halley v. Schopp, Mo., 400 S.W.2d 123, 126.

■ We have examined the various incidents set out in plaintiff's argument, and for the reasons above set forth we find no prejudicial error. However, plaintiff asserts, to use her exact words, that the "improperly admitted evidence, combined by the prejudicial and unwarranted comments by defendant's counsel combined to have the effect of misleading the jury into the conclusion that this plaintiff was improperly attempting to secure a double recovery, without actually employing that exact phrase." We consider this assertion not to be sustained by the facts. However, if it could be said that the jury obtained that impression, it was not by reason of erroneous rulings by the trial court. Plaintiff was the first to bring to the attention of the jury that her husband's suit had previously been tried when she read to the jury certain testimony of the defendant at that trial. When plaintiff offered her husband and the doctor who treated him as witnesses in her trial she knew that they became subject to cross-examination, and that they could be examined concerning differences between their present testimony and that given at the husband's trial. Plaintiff is asking too much when she contends, inferentially, that while she was entitled to maintain her suit separately from that of her husband and use the same witnesses, the jury is never to know of the existence of of the husband's case even though this knowledge is inescapable as the result of authorized and proper cross-examination. The defendant cannot, of course, argue "double recovery" to the jury, which plaintiff admits defendant did not do by the use of that exact phrase. Plaintiff selected, presumably for trial strategy purposes and apparently upon advice of counsel, the trial procedure of maintaining her suit separate from that of her husband, and having made that selection she is in no position to complain, in the absence of prejudicial error which was preserved for appellate review by proper and timely objections, that the jury learned that there had previously been a trial of her husband's suit. Plaintiff did not advance to the trial court the reason she now presents to this court, and in view of the inherent danger resulting from the trial of plaintiff's case in the manner selected by her, we cannot now on appeal convict the trial court of error resulting from the above circumstances. This case most emphatically demonstrates the soundness and advisability of the provisions of Civil Rule 66.01, V.A.M.R., which became effective July 1, 1965, and therefore were not mandatorily applicable to this suit.

■ Plaintiff's last point is that the trial court erred in overruling her "objections to the tactics of defendant's counsel in heckling plaintiff's counsel throughout his final argument to the jury in such manner, and to such extent as to effectively deprive plaintiff's counsel of his right to jury argument."

Nowhere in plaintiff's brief does she set out what she contends constituted "heckling" by defendant's counsel. She does list six transcript page references. We find nothing on those pages except objections to oral argument made in the accepted and usual form. We decline to set out the circumstances of each objection because this contention is so totally without merit that no purpose would be served. It is sufficient to say that on one of the pages referred to the objection was by plaintiff's counsel and not defendant's counsel; on another the court overruled two objections by defendant's counsel and we have no hesitancy in saying that these two rulings were incorrect; and that on the other four pages we find two objections by defendant's counsel which were meritorious and were inferentially sustained by the rulings of the court. No language was used by defendant's counsel other than that necessary to present the objection and the reason therefor to the trial court. The charge of "heckling" is without justification or merit.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., DONNELLY, EAGER and STORCKMAN, JJ., concur.