[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue before the court is whether the court should grant plaintiff's motion for summary judgment on the ground that there is no issue of material fact as to defendant's negligence.
The present action arises out of an incident which allegedly occurred on November 5, 1990 in Shelton, Connecticut. At said time and place, plaintiff, Phillip Caseria, was allegedly operating his motor vehicle in a northerly direction on Route 110, near Maple Street. Defendant Ralph Klass who was operating his vehicle behind plaintiff's vehicle, allegedly rear-ended plaintiff's vehicle causing plaintiff to incur various injuries.
On April 30, 1992, plaintiff commenced the present suit against defendant seeking damages for his injuries. Plaintiff alleges in his complaint that he was injured because defendant was negligent and/or careless in the following ways: (1) unreasonable rate of speed; (2) lack of proper and reasonable control; (3) absence of a proper and reasonable lookout for other vehicles; (4) failure to apply his brakes in time to avoid the collision when he could have done so; (5) failure to turn his vehicle to avoid the collision when he could have done so; and (6) failure to drive a reasonable distance behind the plaintiff in violation of General Statutes 14-240.
On June 22, 1992, defendant filed an answer. The pleadings are CT Page 9573 now closed.
On July 7, 1992, plaintiff filed the pending motion for summary judgment as to liability only and a supporting memorandum of law. Plaintiff also filed his own affidavit and a copy of the accident report dated November 5, 1990. To date, defendant has filed neither an affidavit nor a memorandum of law in opposition to plaintiff's motion.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; see Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). In determining whether there is a material fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The standard to be applied in determining whether summary judgment should be granted is whether the party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, 213 Conn. 354, 364,567 A.2d 1212 (1990).
The party moving for summary judgment has the burden of showing nonexistence of any issue as to all material facts. Connell v. Colwell, 214 Conn. 242m 246, 571 A.2d 116 (1990). Once a moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). It is not enough that the opposing party merely assert the existence of such a disputed issue. Daily v. New Britain Machine Co., 200 Conn. 562, 569, 512 A.2d 893 (1986). General averments or mere conclusions will not suffice to show a triable issue. Farrell v. Farrell, 182 Conn. 34, 38-39, 438 A.2d 415 (1980). Failure of the nonmoving party to controvert by affidavit or otherwise any of the facts set forth in the moving party's affidavit entitles the court to rely on those facts as stated. Fogarty v. Rashaw,193 Conn. 442, 444-45, 476 A.2d 582 (1984).
In the present case, the defendant, the nonmoving party, did not file any affidavits or an opposing memorandum of law to controvert the facts alleged by the plaintiff. Hence, the court may rely on the facts asserted by the plaintiff in deciding the motion for summary judgment. CT Page 9574
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, supra, 446, quoting Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403
(1972). However, where it is established that there are no genuine issues of fact regarding liability, the court may render an interlocutory summary judgment. Hamill v. Smith, 25 Conn. Sup. 183,186, 199 A.2d 343 (Super.Ct. 1964).
In support of the instant motion, plaintiff has filed a memorandum of law and an affidavit of the plaintiff/operator. That affidavit establishes that plaintiff was seated in the vehicle which was stopped in traffic when it was struck from behind by a vehicle operated by defendant. The defendant did not controvert these facts by affidavit or other documentation.
In the instant case, defendant's answer does not allege contributory negligence as a special defense. Plaintiff's uncontroverted affidavit clearly establishes a rear-end collision. Therefore, the court can reasonably conclude that the defendant's negligent operation of his motor vehicle was the proximate cause of the collision. See Falade v. Dagget, 1 CSCR 793 (September 14, 1986, Mulcahy, J.); Hamill v. Smith, supra, 185-86.
It is found that there exists a legitimate issue as to the extent of injuries, if any, which were caused by this accident. The issue of damages remains to be resolved at a hearing. See Hamill v. Smith, supra, 186.
The plaintiff's motion for summary judgment as to liability only is granted as issues of material fact regarding liability do not exist.
McGRATH, J.