[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Carol L. Smith, filed suit against the defendant, Stamford Insulation Co., Inc., seeking to recover damages for injuries allegedly sustained in an automobile accident. The plaintiff alleges that she was injured when Rick Vitatoe (Vitatoe), a driver employed by the defendant, suddenly stopped the truck he was operating and backed into the plaintiff's vehicle. The plaintiff further alleges that Vitatoe was acting within the course and scope of his employment while operating the truck owned by the defendant.
The plaintiff claims that Vitatoe was careless and negligent because he failed to back up said motor vehicle with reasonable safety and without interference from other traffic in violation of General Statutes § 14-243. She further alleges that Vitatoe failed to operate said motor vehicle in a safe and reasonable manner; failed to keep a proper and reasonable lookout for other motor vehicles; and failed to apply the brakes in time to avoid a collision. The defendant filed an answer to the amended complaint denying that it was negligent in any of the ways alleged by the plaintiff. The plaintiff filed this motion for summary judgment and includes a copy of excerpts of Vitatoe's certified deposition testimony. The defendant responds with an affidavit of Rick Vitatoe.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show CT Page 10607 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.)Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. " (Internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 805. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Bruttomesso v.Northeastern Conn. Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997).
The plaintiff moves for summary judgment on the issue of liability. The plaintiff contends that the defendant has admitted fault for the collision through Vitatoe's deposition testimony. Furthermore, the plaintiff argues that the defendant is clearly negligent and that there exists no issue of fact to litigate regarding liability. The plaintiff relies on Riccio v. Abate,176 Conn. 415, 407 A.2d 1005 (1979); Warner v. Liimatainen,25 Conn. Sup. 380, 206 A.2d 117 (1964); Hamill v. Smith,25 Conn. Sup. 183, 199 A.2d 343 (1964); and Gancy v. Dohna,25 Conn. Sup. 138, 198 A.2d 66 (1964), in arguing that summary judgment may be granted as to liability where the defendant has admitted negligence.
In its memorandum in opposition, the defendant argues that the plaintiff is not entitled to summary judgment on the issue of liability because an issue of fact exists regarding Vitatoe's operation of the defendant's vehicle. Specifically, the defendant argues that Vitatoe's affidavit asserts facts indicating that Vitatoe operated the vehicle in a reasonable manner and that this affidavit therefore raises a question of fact as to Vitatoe's negligence.
Furthermore, the defendant argues that Vitatoe never conceded that he was careless or negligent by stating "it was my fault" in CT Page 10608 his deposition testimony. The defendant contends that this statement was merely an indication that Vitatoe knew he had backed the truck into the plaintiff's vehicle and was not in any way an admission of negligence. In support of its argument, the defendant cites Kalagian v. Wagner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308666 (December 6, 1994, McGrath, J.), in which the court denied the plaintiff's motion for summary judgment where the defendant admitted to striking the plaintiff's vehicle, but denied the allegation of negligence.
First, the court will address the plaintiff's contention that its motion should be granted because the facts of this case are similar to other cases where summary judgment was granted as to liability such as Riccio v. Abate, 176 Conn. 415, 407 A.2d 1005
(1979); Warner v. Liimatainen, 25 Conn. Sup. 380, 206 A.2d 117
(1964); Hamill v. Smith, 25 Conn. Sup. 183, 199 A.2d 343 (1964); and Gancy v. Dohna, 25 Conn. Sup. 138, 198 A.2d 66 (1964). The granting of summary judgment as to liability was not at issue inRiccio v. Abate. In Warner v. Liimatainen, Hamill v. Smith, andGancy v. Dohna, the plaintiffs had submitted evidence of the defendants' liability and the defendants failed to file affidavits in opposition. By contrast, the documents submitted here do not provide specific evidence of the defendant's liability such as a guilty plea to a charge of speeding; Warnerv. Liimatainen, supra, 25 Conn. Sup. 380; or a violation of a statute requiring adequate brakes; Hamill v. Smith, supra,25 Conn. Sup. 183; or a citation for following another vehicle too closely; Gancy v. Dohna, supra, 25 Conn. Sup. 138. Moreover, the defendant in this case has submitted an opposing affidavit denying liability. Thus, the reasoning of the plaintiff's cited cases is inapplicable here.
The plaintiff next argues that summary judgment should be granted as to liability because Vitatoe stated "it was my fault" in his deposition testimony.[1] "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03, 663 A.2d 1001 (1995). As this court has previously held, "[d]eposition transcripts are insufficient to support a motion for summary judgment." Ortiz v. Aries Group,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147384 (June 23, 1997, D'Andrea, J.). See also Perrotti v. Magliola, Superior Court, judicial district of New Haven at New Haven, Docket No. 379838 (November 10, 1997, CT Page 10609 Zoarski, J.) (plaintiff's motion for summary judgment was denied despite the fact that the defendant acknowledged in her deposition that the accident was her fault). While our appellate court has noted that it is not improper to rely on deposition testimony to grant summary judgment where there is no contradictory affidavit; Collum v. Chapin, 40 Conn. App. 449, 450
n. 2, 671 A.2d 1329 (1996); it would be improper to grant summary judgment based on Vitatoe's deposition in light of his explanatory affidavit. Thus, the deposition testimony of Vitatoe is not conclusive on the issue of negligence.
The defendant's opposing affidavit of Rick Vitatoe asserts that Vitatoe's deposition statement was not meant as an admission of negligence. Rather, Vitatoe attests that his statement, "it was my fault," was merely an indication that Vitatoe knew that it was his vehicle, rather than the plaintiff's vehicle, that had moved. Vitatoe further avers that his actions were appropriate under the circumstances he was facing at the time of the collision.
In addition, Vitatoe attests that after being stopped for less than a minute, he shifted into reverse, thereby activating the vehicle's back-up lights and warning signals. Vitatoe also avers that although he had his window open, he did not hear a horn sound prior to impact.
"[N]egligence has long been defined as the failure to use that degree of care for the protection of another that the ordinarily reasonably careful and prudent [person] would use under like circumstances." (Internal quotation marks omitted.)Brown v. Branford, 12 Conn. App. 106, 108, 529 A.2d 743 (1987). An issue of negligence is generally a question of fact. Maebry v.McNeil, 13 Conn. App. 167, 168, 534 A.2d 1256 (1987). Thus, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted). Fogarty v. Rashaw,193 Conn. 442, 446 476 A.2d 582 (1984).
Here, there is a genuine issue of material fact concerning the question of negligence which renders summary judgment inappropriate. Vitatoe's contradictory affidavit precludes the granting of summary judgment based on the deposition submitted by the plaintiff. Accordingly, summary judgment is denied.
D'ANDREA, J. CT Page 10610