[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
Dora Lorrine Green ("Green") has brought this personal injury lawsuit against Bill C. Okwkosa, Ike C. Okwuosa and Jennifer CT Page 181 Dontfraid for damages arising out of an automobile collision that occurred on November 10, 1994 at or near the intersection of Dixwell Avenue and Elizabeth Street in New Haven, Connecticut. Green has moved for summary judgment as to liability against all defendants asserting that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. See Practice Book § 17-49.
In support of her motion, Green relies upon (1) The police report of the incident; (2) her affidavit; 3) a Notice of Service of Second Request for Admissions and Second Request for Admissions dated February 2, 1998 and (4) responses of defendant Ike Okwuosa to request for admissions dated April 7, 1997. Central to Green's claim is her assertion that the defendants' failure to respond to the Second Request for Admissions dated February 2, 1998 conclusively establishes the facts contained therein for purposes of this lawsuit. See Practice Book §13-24.
Given the legal effect of Ike Okwuosa's failure to respond to the Second Request for Admissions dated February 2, 1998, the undisputed facts are that the accident was caused when Ike C. Okwuosa went through a stop sign on Elizabeth Street, failing to yield the right of way to Green's vehicle that was traveling southbound on Dixwell Avenue and thereby collided with Green's vehicle. Based on those facts, the Okwuosa vehicle bears liability for the collision.
In Allied Grocers Cooperative, Inc. v. Caplan,30 Conn. App. 274, 280 (1987), the Appellate Court held that the plaintiff was entitled to summary judgment where the defendant had failed to respond to its request for admissions within thirty days of filing. While summary judgment is not generally appropriate in negligence cases, it is in certain cases where the opposing party does not oppose the motion with a basis in evidentiary fact. Chasin v. Wirth, 6 Conn. L. Rptr 13, 39 (1992);Gancy v. Dohna, 23 Conn. Sup. 138 (1964); Hamill v. Smith,25 Conn. Sup. 183 (1964). In this case, while the defendants have raised a special defense asserting that Green's negligence caused the accident, they have not filed any pleading opposing the motion for summary judgment, nor any opposing factual affidavit. A party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Strada v.Connecticut Newspaper, Inc., 193 Conn. 313, 317 (1984). The mere CT Page 182 presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34,39 (1980).
Based upon the above, the court finds that there is no genuine issue of material fact on the issue of the defendants' liability. Green's motion for summary judgment on liability is only therefore granted.
So Ordered at New Haven this 22nd day of January, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court